UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


EMILE TSUMA                          :
                                     :            PRISONER
          v.                         :   Case No.  3:06cv1205 (AVC)
                                     :
UNCASVILLE STATE POLICE              :
DETECTIVES, et al.[1]                :


RULING AND ORDER

Plaintiff is confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut.  He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915 challenging the actions of four state police detectives, two EMTs and his public defender.  For the reasons that follow, the complaint is dismissed without prejudice.

I.    Standard of Review

Plaintiff has met the requirements of 28 U.S.C. § 1915(a)

---

[1]The named defendants are Detectives John Doe 1-4 of Troop E of the Connecticut State Police, EMTs John Doe 5-6, and Attorney Joe Seigel.   All defendants are named in their individual capacities only.
    Although the case caption on the complaint form states Uncasville State Police and Detectives before proceeding to list the named defendants, the court concludes that the State Police Troop is not a defendant in this case.  First, in the section of the complaint form that lists the parties, the first entry for defendants is Detective John Doe 1.  Also in the handwritten version of the complaint, which is appended to the complaint form, plaintiff does not list the Troop as a defendant.  Finally, the complaint contains no allegations relating to the Troop; all allegations relate to the four detectives.

and has been granted leave to proceed in forma pauperis in this action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; ... fails to state a claim on which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).  Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Id. at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted.

2

<u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999).

In order to state a claim for relief under section 1983 of the Civil Rights Act, Hyman must satisfy a two-part test.  First, he must allege facts demonstrating that defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  <u>See</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 930 (1982); <u>Washington v. James</u>, 782 F.2d 1134, 1138 (2d Cir. 1986).

II.  <u>Factual Allegations</u>

On September 3, 2003, plaintiff was arrested at the Mohegan Sun Casino for making threats.  While he was being processed, defendant Detective John Doe 1 verbally harassed and used excessive force against plaintiff.  Defendants Detective John Doe 2-4 observed the use of force, mocked plaintiff's injuries and continued to restrain plaintiff.  Defendant Detective John Doe 4 notified the EMT defendants that plaintiff was injured.  The EMT defendants observed but did not treat his injuries.

On September 5, 2006, plaintiff was transported to court by State Judicial Marshals.  One Marshal gave photographs of plaintiff's injuries to defendant Seigel, plaintiff's public defender.  Although defendant Seigel acknowledged receipt of the photographs, he did not file a complaint against defendant

3

Detective John Doe 1 as plaintiff requested.

III. <u>Discussion</u>

Defendant Seigel is a public defender.  A defendant acts under color of state law when he exercises "some right or privilege created by the State ... or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor."  See <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982).  Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law.  See <u>West v. Atkins</u>, 487 U.S. 42, 50 (1988).  The Supreme Court has recognized an exception to the general rule for public defenders while they are performing the traditional function of counsel for criminal defendants.  See <u>Polk County v. Dodson</u>, 454 U.S. 312, 317 (1981); <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65-66 (2d Cir. 1997); <u>Housand v. Heiman</u>, 594 F.2d 923, 924-25 (2d Cir. 1979).  "[W]hen representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the purposes of section 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'"  <u>West</u>, 487 U.S. at 50 (quoting <u>Polk County</u>, 454 U.S. at 323 n.13).  Thus, public defenders are not subject to suit under section 1983 for actions taken in their role as defense counsel.  See <u>Polk County</u>, 454 U.S. at 317.

4

Plaintiff alleges that defendant Seigel failed to file a complaint against defendant Detective John Doe 1.  If that would customarily be done as part of his defense of plaintiff, then defendant Siegel was not acting under color of state law and plaintiff's claim is not cognizable.

The court notes, however, that if a public defender conspires with a state official to deprive a criminal defendant of his constitutional rights, the public defender is deemed to have been acting under color of state law.  See Tower v. Glover, 467 U.S. 914, 920-22 (1984).  The Second Circuit has held that to state a claim of conspiracy under section 1983, the complaint must contain more than mere conclusory allegations.  See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (restating previous holding that vague, general or conclusory allegations of conspiracy are insufficient to withstand motion to dismiss); Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir. 1993) (citing cases).  Plaintiff alleges that defendant Siegel "conspired to conceal vital evidence." (Compl. at 4.)  He does not elaborate on this statement and alleges no facts to support his conclusion.  Thus, he fails to state a claim for conspiracy and does not satisfy this exception.

If a public defender would not ordinarily file a civil complaint against a police officer for use of excessive force, then defendant Siegel would be acting in the same capacity as a

private attorney who is asked to file an action.  He would not be acting in his capacity as a public employee because he would not be exercising any responsibilities that he is required to perform under state law.  See West v. Atkins, 487 U.S. 42, 50 (1988) (holding that a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law).  Because section 1983 requires the defendant to be a state actor, all claims against defendant Siegel are dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Supplemental or pendent jurisdiction is a matter of discretion, not of right.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966).  Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  Because the court has dismissed all federal law claims against defendant Siegel, it declines to exercise supplemental jurisdiction over plaintiff's state law claims against him.

IV.  Conclusion

All claims against defendant Seigel are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the court declines to exercise supplemental jurisdiction over any state law claims

against him.

Plaintiff has not provided the names of the detectives or EMTs.  Without this information, the U.S. Marshal cannot effect service on any of these defendants.  Accordingly, plaintiff is directed to file an amended complaint identifying the names and current work addresses of the four detectives and two EMTs.  The amended complaint shall be filed within **twenty (20)** days from the date of this ruling.  Failure to file the amended complaint within the time specified will result in the dismissal of this case.

**SO ORDERED** this 25th day of September, 2006, at Hartford, Connecticut.

                                    /s/
                          _____
                          Alfred V. Covello
                          United States District Judge

7