**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

EMILE TSUMA                           :
                                      :         PRISONER
     v.                               :   Case No. 3:06cv1205(AVC)
                                      :
UNCASVILLE STATE POLICE, et al.       :

## ORDER OF DISMISSAL

In August 2006, the plaintiff commenced this civil rights action against four John Doe State Troopers from the Uncasville, Connecticut barracks, two John Doe emergency medical technicians, and a public defender.[1] In September 2006, the court dismissed all claims against the public defender and afforded the plaintiff twenty days to provide the name and address of at least one of the John Doe defendants. The plaintiff was cautioned that the

---

[1] The plaintiff included Uncasville State Police in the case caption above the listing of the John Doe state troopers. After reviewing the complaint form and the attached handwritten complaint attached to the form, the court determined that the Uncasville State Police was not intended to be a separate defendant and so stated in the ruling dismissing the claims against the public defender. See Doc. #8 at 1 n.1. Even if the court had construed the complaint to include a claim against the Connecticut State Police, the claim would have been dismissed.
   The Eleventh Amendment bars all claims against a state or state agency unless the state waives, or Congress has abrogated, its immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 66 (1989). The enactment of 42 U.S.C. § 1983 did not abrogate the states' Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979). In addition, the plaintiff alleges no facts from which the court could infer that the State of Connecticut has waived its Eleventh Amendment immunity from suit. Thus, because the Connecticut State Police are a state agency, the plaintiff's claim against the Connecticut State Police Troop stationed in Uncasville, Connecticut, would have been dismissed as barred by the Eleventh Amendment. See 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring the court to dismiss claims seeking relief from a defendant who is immune from the relief sought).

case would be dismissed if he failed to identify a defendant in this case. Although the plaintiff was afforded several extensions of time, until March 22, 2007, to identify at least one defendant, he has not done so.

Now pending is the plaintiff's motion to compel. He states that he has been unable to obtain information on the identities of the John Doe defendants and asks the court to compel the defendants to respond. The plaintiff has not identified any defendant who could be ordered to respond to the motion to compel. Thus, the motion to compel [**doc. #15**] must be **DENIED**. In the motion, the plaintiff also appears to ask the court to order a response to a request submitted pursuant to the state Freedom of Information Act. Enforcement of a state FOI request must be pursued through the state court.

The plaintiff has been afforded nearly one year to provide the name and address of at least one proper defendant so the court could order service of the complaint. Because he has not done so, the case is **DISMISSED**[2] without prejudice pursuant to

---

[2] In addition, it appears that the claims against the John Doe defendants are time-barred. The limitations period for filing an action pursuant to 42 U.S.C. § 1983 is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The incident giving rise to this action occurred on September 3, 2003. The first indication in the record of the plaintiff seeking information regarding the identity of the John Doe

Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with the court's order.

**SO ORDERED** this 17th day of July, 2007, at Hartford, Connecticut.

                                            /s/
                                       Alfred V. Covello
                                       United States District Judge

---

defendants is a set of interrogatories, directed to no particular person, dated October 4, 2006, nearly one month after the limitations period expired.

    Lack of knowledge of the identity of a defendant is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996) (Rule 15(c) does not permit an amendment to relate back where new defendants were not added to the original complaint because the plaintiff did not know their identities; lack of knowledge cannot be characterized as mistake). Thus, even if the plaintiff discovered the identities of the John Doe defendants, the claims against them would be time-barred.